HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, 3rd Floor
Los Angeles, California 90071
Telephone: (213) 395-7620

THAD CHALOEMTIARANA (*pro hac vice* to be filed)
tc@pattishall.com
SETH I. APPEL
sia@pattishall.com
DANIEL S. HESS (*pro hac vice* to be filed)
dsh@pattishall.com
PATTISHALL, McAULIFFE, NEWBURY,
  HILLIARD & GERALDSON LLP
200 S. Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile:  (312) 554-8015

*Attorneys for Plaintiff*
Midwest Tape, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MIDWEST TAPE, LLC, an Ohio Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HOOPLA.COM, INC., a California corporation; and DERON QUON, an individual,<br><br>Defendants. | Case No. 2:25-cv-3594<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **FEDERAL UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT;**<br>3. **CYBERSQUATTING IN VIOLATION OF SECTION 43(d) OF THE LANHAM ACT**<br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION § 17200 ET SEQ.;**<br>5. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT; and**<br>6. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

21745027.1

Plaintiff, Midwest Tape, LLC ("Plaintiff" or "Midwest Tape"), alleges as follows:

## NATURE OF THE ACTION

1. This dispute arises from Defendants' use of the trademark "HOOPLA" on their website located at https://hoopla.com/ and on its related HOOPLA mobile software application, which infringes Plaintiff's federally-registered HOOPLA trademarks and common law rights for its goods and related services.

## PARTIES

2. Plaintiff Midwest Tape is an Ohio limited liability company with a listed address of 1417 Timberwolf Dr., Holland, Ohio, 43528.

3. Defendant Hoopla.com, Inc., ("Hoopla.com") is a corporation organized under the laws of California with its principal mailing address listed as 1431 Warner Avenue, Los Angeles, California, 90024.

4. Defendant Deron Quon ("Quon") is an individual with a listed address at 1431 Warner Avenue, Los Angeles, California, 90024 and is listed as the Chief Executive Officer of Defendant Hoopla.com.  (Hoopla.com and Quon collectively "Defendants").

## JURISDICTION AND VENUE

5. This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*. (the "Lanham Act"), with jurisdiction specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Jurisdiction for the California state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendants and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), as the Defendants reside in this judicial district.

# PLAINTIFF AND ITS VALUABLE AND WELL-KNOWN HOOPLA TRADEMARK

7. For many years, Midwest Tape has been a worldwide leader and provider of licensed digital media to libraries and their patrons under its HOOPLA mark.

8. Midwest Tape provides its users with access to a wide variety of digital videos, movies, television, music, audiobooks, e-books, comics and other content via its website and mobile application under its HOOPLA mark.

9. Since well before the acts of the Defendants complained of herein, Midwest Tape has used the mark HOOPLA and stylized versions thereof, including **hoopla** and **hoopla**, (collectively the "HOOPLA mark") in the United States in connection with the distribution of audio and audiovisual goods and services. A copy of Midwest Tape's web site featuring the HOOPLA mark is attached as **Exhibit 1** (https://www.hoopladigital.com/).

10. Midwest Tape is the owner of the following active federal trademark registrations with the United States Patent and Trademark Office ("USPTO") for its HOOPLA mark:

| Mark | Reg. No. | Goods and Services |
| --- | --- | --- |
| HOOPLA | 5,036,947 | Class 9: Computer software for transmitting, sharing, receiving, downloading, displaying and transferring audio recordings and audiovisual recordings, excluding computer games and video games, via portable electronic devices and computers; computer software enabling audio recordings and audiovisual recordings, excluding computer games and video games, to be downloaded to and accessed on portable electronic devices and computers; computer software for transmitting, sharing, receiving, downloading, displaying and transferring electronic publications, excluding computer games and video games, via portable devices and computers; computer software enabling electronic publications, excluding computer games and video games, to be downloaded to and accessed on portable electronic devices and computers |

| Mark | Reg. No. | Goods and Services |
|---|---|---|
|  |  | Class 39: Distribution services, namely, delivery of publications by electronic transmission, excluding computer games and video games<br><br>Class 41: Entertainment and educational services, namely, [ production and ] distribution of movies and television shows, excluding computer games and video games; rental services featuring entertainment and educational content, namely, rental of motion picture films and television shows, excluding computer games and video games; entertainment and educational services, namely, providing non-downloadable electronic publications in the nature of audio books in the fields of fiction and non-fiction, excluding computer games and video games; publishing of electronic publications, excluding computer games and video games; rental services featuring entertainment and educational content, namely, electronic publications, excluding computer games and video games |
| HOOPLA | 4,396,800 | Class 39: Distribution services, namely, delivery of audiovisual and audio recordings |

Both of these registrations, attached as **Exhibit 2**, are valid and subsisting, and Reg. Nos. 5,036,947 and 4,396,800 are incontestable and constitute conclusive evidence of Midwest Tape's exclusive right to use the marks and their validity for the goods and services they cover, pursuant to 15 U.S.C. §§ 1065 and 1115(b).

11. All of the aforesaid goods and services marketed under Midwest Tape's HOOPLA mark are available in the United States, including the State of California, through Midwest Tape's website located at https://www.hoopladigital.com/. See **Exhibit 1**.

12. Midwest Tape's aforesaid goods and services are also marketed and provided via its HOOPLA mobile application for phones and tablets. Midwest Tape's HOOPLA mobile application is widely available for download by users through numerous outlets, including the Apple App store, Google Play Store, and Amazon App Store. *See* **Exhibit 3**.

13. Since January of 2013, Midwest Tape's aforesaid HOOPLA goods and services have been accessed by many millions of users and its HOOPLA mobile applications have been downloaded by many millions of users from the Apple App store, Google Play Store, and Amazon App Store combined.

14. Midwest Tape's aforesaid HOOPLA goods and services also are marketed and provided via applications that are available on many set-top boxes, including, but not limited to, Apple TV, Roku, and Amazon Fire products, and many other "smart" TVs from manufacturers such as Samsung and LG.

15. Midwest Tape has licensed and/or sold many millions of dollars-worth of the aforesaid goods and services throughout the United States under its HOOPLA mark.

16. Midwest Tape has spent substantial sums advertising, marketing, and promoting these goods and services in connection with its HOOPLA mark.

17. Since long before Defendants' acts complained of herein, by virtue of Midwest Tape's sales, advertising, and promotion in connection with the aforesaid goods and services, Midwest Tape has acquired significant common law rights in its HOOPLA mark in the United States and California and has become well and favorably known in this district.

## DEFENDANTS' INFRINGING USE OF HOOPLA

18. Long after Midwest Tape's aforesaid use of the HOOPLA mark began, Defendants began to use the identical mark HOOPLA as a trademark on and in connection with its website located at https://hoopla.com/ and a mobile application that distributes digital videos and marketing content to consumers. *See* **Exhibit 4** (hereinafter "Defendants' goods and services").

19. Defendants' use the mark HOOPLA on their website and their mobile application marketing pages are depicted below:




*See also* **Exhibit 4** collecting examples of Defendants' use of HOOPLA.

20. Defendants' HOOPLA mark is identical to Midwest Tape's HOOPLA mark in appearance, sound, and commercial impression.

21. Defendants' stylized use of HOOPLA – with a lower-case "h" and similar font size – on its goods and services is closely similar to Midwest Tape's use of its stylized HOOPLA mark on its goods and services:

| Midwest Tape's HOOPLA Mark | Defendants' Stylized Infringing Mark |
|---|---|
| hoopla hoopla | hoopla |

Defendants' HOOPLA word mark and HOOPLA stylized design mark are collectively referred to herein as "Infringing HOOPLA Marks".

22. Upon information and belief, Defendants' HOOPLA mobile application is available for download by consumers through the Apple App store, Google Play Store, and Amazon App Store.

23. Defendant Quon was identified as the publisher and/or creator of Defendant's HOOPLA mobile application on at least the Apple App store, and he is the moving, active, conscious force behind the infringement complained of herein.

24. Upon information and belief, consumers searching for "HOOPLA" on the Apple App store and Google Play Store have found, and/or continue to find, both Defendants' HOOPLA mobile application and Midwest Tape's HOOPLA mobile application available on the same page, and often side-by-side. Representative images of a search for "HOOPLA" on these outlets are shown here:



21745027.1   COMPLAINT



25. Both Midwest Tape's HOOPLA mobile application and Defendants' HOOPLA mobile application feature videos and other digital content.

26. Defendants' aforesaid use of the Infringing HOOPLA Marks is without Midwest Tape's authorization or consent.

27. On information and belief, Defendants' adoption and use of the Infringing HOOPLA Marks for the Defendants' goods and services is a deliberate, intentional, and willful attempt to trade upon Midwest Tape's business reputation and the goodwill it has accumulated in its HOOPLA mark.

28. Midwest Tape sent Defendants a letter demanding that it cease and desist from all use of the Infringing HOOPLA Marks as Defendants' continued use was likely to lead to consumer confusion.

29. Defendants refused to comply with Midwest Tape's demands and continued to use the Infringing HOOPLA Marks.

30. Defendants' unauthorized use of the Infringing HOOPLA Marks has led to actual consumer confusion between Midwest Tape's goods and services and Defendants' goods and services.

31. For example, several consumers appear to have downloaded the Defendants' HOOPLA mobile application under the mistaken belief that Defendants' mobile application was Midwest Tape's HOOPLA mobile application, or was affiliated, sponsored or endorsed by Midwest Tape. *See* **Exhibit 5**.

32. The following customer reviews of Defendants' HOOPLA mobile application on the Google Play Store, most of which were posted between 2024 and 2025, illustrate that consumers are actually confused by Defendants' use of the HOOPLA mark:

> **Angie Edwards**
> ★☆☆☆☆   February 25, 2024
> It's NOT the audiobooks and e-books app... incase you're wondering.
> 92 people found this review helpful
> Did you find this helpful?   Yes   No



> **Noor Ayesha**
> ★★★☆☆ April 2, 2024
> Hi, Is Harry Potter story available
> 1 person found this review helpful
> Did you find this helpful?  Yes  No
>
> **S Alger**
> ★☆☆☆☆ December 18, 2022
> Did not have a library in my area so I can't really evaluate
> 6 people found this review helpful
> Did you find this helpful?  Yes  No

**Exhibit 5**.

33.    On February 19, 2025, Midwest Tape's counsel sent a follow-up letter to counsel for Defendants identifying these numerous recent examples of actual consumer confusion between Defendants' infringing use of HOOPLA and Midwest Tape's HOOPLA mark, demanding that Defendants cease and desist from continued infringing use of the HOOPLA mark. To date, Defendants have not complied with Midwest Tape's demands and continue to use the infringing HOOPLA mark in connection with their mobile application and related goods and services.

34.    As result of Defendants' aforementioned use of the HOOPLA mark, Defendants' and Midwest Tape's customers and potential customers have been and/or are likely to continue to be confused into thinking that Defendants' goods and services are somehow offered by, affiliated, authorized, licensed or approved by Midwest Tape.

35. Defendants' continued use of the Infringing HOOPLA Marks have caused and will continue to cause irreparable harm to Midwest Tape and to the goodwill it owns in its HOOPLA mark.

36. On information and belief, Defendants registered the <hoopla.com> domain name with the bad faith intent to divert consumers from Midwest Tape's website to the Defendants' website for the purpose of commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website associated with the Defendants.

37. On information and belief, Defendants registered the <hoopla.com> domain name with full knowledge of Midwest Tape's prior rights and of the fact that use of this domain name is likely to cause confusion, mistake, or deception. Such actions constitute deliberate attempts to trade on Midwest Tape's goodwill, causing irreparable harm to the goodwill represented by Midwest Tape's HOOPLA mark.

38. On information and belief, the registration of Defendants' domain name, as alleged herein, has been and continues to be made with a bad faith intent to profit from Midwest Tape's HOOPLA mark.

39. Midwest Tape has objected to Defendants' actions in writing of the wrongful activities as alleged herein, but Defendants have refused to cease and desist from those activities, and will continue to engage in those activities unless this Court orders that Defendants' domain name be transferred to Midwest Tape.

### I.   FIRST CLAIM

**TRADEMARK INFRINGEMENT
IN VIOLATION OF SECTION 32 OF THE LANHAM ACT**

40. Midwest Tape re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendants' aforesaid use of the Infringing HOOPLA Marks in connection with Defendants' goods and services is likely to cause confusion,

mistake, or deception as to the source, origin, sponsorship, or approval of Defendants' goods and services.

42. Defendants' aforesaid use of the Infringing HOOPLA Marks is likely to lead consumers to the mistaken belief that the Defendants' goods and services are made, organized, facilitated, or in some way licensed, authorized, affiliated or approved by Midwest Tape.

43. Defendants' actions, thus, constitute willful trademark infringement of Midwest Tape's HOOPLA mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

44. Defendants' acts generally and irreparably damage Midwest Tape and will continue to so damage Midwest Tape unless restrained by this Court; wherefore, Midwest Tape is without an adequate remedy at law. Accordingly, Midwest Tape is entitled to, among other relief, an order permanently enjoining and restraining Defendants from using the Infringing HOOPLA Marks on and in connection with any online or mobile application based goods or distribution services related to audio and audiovisual content.

## II. SECOND CLAIM
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

45. Midwest Tape re-alleges paragraphs 1 through 39 as if fully set forth herein.

46. Defendants' aforesaid use of the Infringing HOOPLA Marks in connection with Defendants' goods and services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Midwest Tape, or as to the origin, sponsorship, or approval of Defendants' services, in that users of Defendants' services are likely to believe that Midwest Tape authorizes or controls the website or mobile application or that Defendants are

somehow associated with or authorized by Midwest Tape to offer these goods or services.

47. Defendants' aforesaid use of the Infringing HOOPLA Marks is likely to lead consumers to the mistaken belief that the Defendants' goods and services are offered by, or are in some licensed, authorized, affiliated or approved by Midwest Tape.

48. Defendants' actions, thus, constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendants' acts greatly and irreparably damage Midwest Tape and will continue to damage Midwest Tape unless restrained by this Court; wherefore, Midwest Tape is without an adequate remedy at law. Accordingly, Midwest Tape is entitled to, among other relief, an order permanently enjoining and restraining Defendants from using the Infringing HOOPLA Marks in connection with any audio or audiovisual content distribution goods and services.

### III. THIRD CLAIM
### CYBERSQUATTING IN VIOLATION OF 15 U.S.C. §1125(d)

50. Midwest Tape re-alleges paragraphs 1 through 39 as if fully set forth herein.

51. Midwest Tape has continuously used its federally registered and distinctive HOOPLA Mark for over a decade and has operated a website with the domain name <hoopladigital.com> since approximately February of 2013.

52. Long after Midwest Tape's adoption and use of its HOOPLA Mark and <hoopladigital.com> domain name, Defendants registered and began using the <hoopla.com> domain name.

53. Midwest Tape's HOOPLA Mark and <hoopladigital.com> domain name are nearly identical and/or substantially similar to Defendants' <hoopla.com> domain name.

54. Upon information and belief, Defendants were aware of Midwest Tape's use and prior rights in its HOOPLA Mark and <hoopladigital.com> domain name before it registered the <hoopla.com> domain name.

55. Upon information and belief, Defendants had a bad faith intent to profit from their use of the <hoopla.com> domain name, which is confusingly similar to Midwest Tape's HOOPLA Mark and its <hoopladigital.com> domain name.

56. Defendants intended to divert consumers seeking Midwest Tape's web site located at its <hoopladigital.com> domain name to Defendants' website located at the <hoopla.com> domain name with the intent to harm the goodwill represented by Midwest Tape's HOOPLA Mark for Defendants' own commercial gain and is creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' website located at the <hoopla.com> domain name.

57. Defendants' registration and use of the <hoopla.com> domain name, as alleged herein, constitutes cybersquatting in violation of 15 U.S.C. §1125(d).

58. Midwest Tape has been and continues to be irreparably harmed by Defendants' registration and use of the <hoopla.com> domain name.

59. As a direct and proximate result of the above-described cybersquatting activities, Midwest Tape has suffered and is suffering significant harm, including irreparable injury. This harm will persist unless and until the Court orders the Defendants to transfer the Defendants' domain name to Midwest Tape.

## IV.   FOURTH CLAIM

**UNFAIR COMPETITION IN VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.***

60. Midwest Tape re-alleges paragraphs 1 through 39 as if fully set forth herein.

61. Defendants' use of the Infringing HOOPLA Marks for Defendants' goods and services is an unlawful, unfair, or fraudulent business act or practice and an unfair, deceptive, untrue, or misleading advertisement likely to deceive

consumers by causing them to believe that Midwest Tape is the source of, or that Midwest Tape sponsors or approves of, Defendants' goods and services.

62. Defendants' aforesaid conduct constitutes unfair competition in violation of the California Business and Professions Code § 17200, *et seq*.

63. As a direct and proximate result of the above-described unfair trade and advertising practices, Midwest Tape has suffered and is suffering significant harm, including irreparable injury. This harm will persist unless and until the Court enters a permanent injunction against the aforesaid acts of Defendants.

## V. FIFTH CLAIM
## TRADEMARK INFRINGEMENT — CALIFORNIA COMMON LAW

64. Midwest Tape re-alleges paragraphs 1 through 39 as if fully set forth herein.

65. Defendants' aforesaid conduct constitutes trademark infringement under the common law of the State of California.

66. As a direct and proximate result of this infringement, Midwest Tape has suffered and is suffering significant harm, including irreparable injury. This harm will persist unless and until the Court enters a permanent injunction against the aforesaid acts of Defendants.

## VI. SIXTH CLAIM
## UNFAIR COMPETITION — CALIFORNIA COMMON LAW

67. Midwest Tape re-alleges paragraphs 1 through 39 as if fully set forth herein.

68. Defendants' aforesaid conduct constitutes unfair competition under the common law of the State of California.

69. As a direct and proximate result of this unfair competition, Midwest Tape has suffered and is suffering significant harm, including irreparable injury. This harm will persist unless and until the Court enters a permanent injunction against the aforesaid acts of Defendants.

# PRAYER FOR RELIEF

WHEREFORE, Midwest Tape prays for judgment against Defendants and in favor of Midwest Tape, as follows:

A. Declaring that Defendants have committed willful trademark infringement and have willfully engaged in unfair competition by infringing Midwest Tape's HOOPLA mark;

B. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendants who receive notice hereof, including but not limited to all subsidiaries, affiliates, and licensees of Defendants from:

  i. using, applying to register, selling, offering for sale, holding for sale, advertising, promoting, or marketing any non-genuine HOOPLA goods or services under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the term HOOPLA or colorable imitation thereof;

  ii. doing any act or thing that is likely to induce the belief that Defendants' goods, services, or activities are in some way connected with Midwest Tape's goods and/or services, or that is likely to injure or damage Midwest Tape's business or its rights in its HOOPLA mark;

  iii. affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine HOOPLA goods or services.

  iv. Assisting, aiding, or abetting any person or entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c); and;

C. Declaring this an exceptional case under 15 U.S.C. § 1117 based on Defendants' intentional infringing conduct;

D. Requiring that the Defendants be ordered to:

    i. Reimburse Midwest Tape for all damages it has suffered by reason of such acts complained of herein pursuant to 15 U.S.C. § 1117(a);

    ii. Pay to Midwest Tape the greater of treble Defendants' profits or treble the actual damages suffered by Midwest Tape, as well as Midwest Tape's attorneys' fees, and prejudgment interest, for their acts as provided at common law;

    iii. Order Defendants to withdraw or recall from any and all channels of distribution goods and advertising material distributed by them or anyone acting in concert or participation with them bearing any description or representation in violation of the Lanham Act 15 U.S.C. § 1051 *et seq*.

    iv. Deliver to Midwest Tape's counsel for destruction all promotional materials, goods, advertisements, signs, brochures, packages, and other printed materials bearing the Infringing HOOPLA Marks that are in Defendants' possession or control within ten (10) days of the entry of the Order, in accordance with 15 U.S.C. §1118; and;

    v. Order Defendants to place and pay for corrective advertising so as to cure the effects of its trademark infringement and unfair competition.

    vi. Order Defendants to transfer Defendants' domain name to Midwest Tape.

    vii. Order Defendants to account for its profit and ordering that Midwest Tape shall recover from Defendants all of Midwest

1  Tape's damages arising from the foregoing acts of intentional
2  infringement and unfair competition, enhanced as the Court
3  deems just, together with prejudgment interest.

4  viii.  Reimburse Midwest Tape for the costs it has incurred in bringing
5  this action, together with its reasonable attorneys' fees and
6  disbursements pursuant to 15 U.S.C. § 1117(a) and California
7  common law; and

8  E.  Requiring that Midwest Tape be awarded such other relief as this Court
9  deems just and equitable.

DATED: April 23, 2025                    HANSON BRIDGETT LLP

By:    */s/ Raffi V. Zerounian*
       RAFFI V. ZEROUNIAN
       JUSTIN P. THIELE

       Thad Chaloemtiarana (*pro hac vice* to be filed)
       Seth I. Appel
       Daniel S. Hess (*pro hac vice* to be filed)
       PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
       200 South Wacker Drive, Suite 2900
       Chicago, Illinois 60606
       Telephone: (312) 554-8000
       Facsimile: (312) 554-8015
       tc@pattishall.com
       sia@pattishall.com
       dsh@pattishall.com

       ***Attorneys for Plaintiff***
       MIDWEST TAPE, LLC

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Plaintiff Midwest Tape, LLC demands a trial by jury on all issues so triable.

DATED: April 23, 2025                    HANSON BRIDGETT LLP

By:     */s/ Raffi V. Zerounian*
RAFFI V. ZEROUNIAN
JUSTIN P. THIELE

Thad Chaloemtiarana (*pro hac vice* to be filed)
Seth I. Appel
Daniel S. Hess (*pro hac vice* to be filed)
PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015
tc@pattishall.com
sia@pattishall.com
dsh@pattishall.com

*Attorneys for Plaintiff*
MIDWEST TAPE, LLC