GREGORY S. GILCHRIST (Cal. Bar. No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
KOURTNEY SPEER (Cal. Bar No. 348243)
VERSO LAW GROUP LLP
565 Commercial Street, 4th Fl.
San Francisco, CA 94111
Telephone: (415) 534-0495
Email:      greg.gilchrist@versolaw.com
            ryan.bricker@versolaw.com
            sophy.tabandeh@versolaw.com
            paymaneh.parhami@versolaw.com
            kourtney.speer@versolaw.com

*Attorneys for Defendants*
*Hoopla.com Inc. and Deron Quon*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDWEST TAPE, LLC, an Ohio Limited Liability Company, | Case No.: 2:25-cv-03594-FLA-PD(x) |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| HOOPLA.COM INC., a California corporation; and DERON QUON, an individual, | |
| Defendants. | |

Defendants Hoopla.com Inc. ("Hoopla") and Deron Quon ("Quon") (collectively "Defendants") answer Midwest Tape, LLC's ("Midwest Tape") Complaint, and alleges as follows:

    1.    Defendants deny the allegations in paragraph 1.

2.      Defendants lack sufficient information to admit or deny the allegations of paragraph 2.

3.      Defendants admit the allegations in paragraph 3.

4.      Defendants admit the allegations in paragraph 4.

5.      Defendants admit that this action arises under the Lanham Act and purports to invoke supplemental jurisdiction.  Defendants otherwise deny paragraph 5.

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants lack sufficient information to admit or deny the allegations of paragraph 7.

8.      Defendants lack sufficient information to admit or deny the allegations of paragraph 8.

9.      Defendants lack sufficient information to admit or deny the allegations of paragraph 9.

10.     Defendants lack sufficient information to admit or deny the allegations of paragraph 10.

11.     Defendants lack sufficient information to admit or deny the allegations of paragraph 11.

12.     Defendants lack sufficient information to admit or deny the allegations of paragraph 12.

13.     Defendants lack sufficient information to admit or deny the allegations of paragraph 13.

14.     Defendants lack sufficient information to admit or deny the allegations of paragraph 14.

15.     Defendants lack sufficient information to admit or deny the allegations of paragraph 15.

16.     Defendants lack sufficient information to admit or deny the allegations of paragraph 16.

17.     Defendants lack sufficient information to admit or deny the allegations of paragraph 17.

18.     Defendants lack sufficient information to admit or deny the allegations of paragraph 18 relating to Midwest Tape's use of the HOOPLA mark.  Defendant avers that Ex. 4 speaks for itself.  Defendant admits that it has a website at www.hoopla.com and there is video content displayed on the website but it is not accurately characterized as "digital videos" as that term is commonly understood by consumers.  Except as admitted, Defendants deny each and every other allegation in paragraph 18.

19.     Defendants admit that part of its website and application have elements shown in this paragraph and avers that Exhibit 4 speaks for itself.  Except as admitted, Defendants deny each and every allegation of paragraph 19.

20.     Defendants deny the allegations in paragraph 20.

21.     Defendants deny the allegations in paragraph 21.

22.     Defendants admit that Hoopla.com's application is available for download on app stores.

23.     Defendants admit that Deron Quon was involved in designing Hoopla.com's mobile application and denies each and every other allegation in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants lack sufficient information to evaluate and deny that the video and digital content displays on the parties' applications are similar.

26.     Defendants object that this allegation consists of argument that presupposes some kind if authorization or consent was required of Midwest Tape.  Defendants therefore deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants admit that Midwest Tape sent a letter.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31. Defendants lack sufficient information to admit or deny the allegations of paragraph 31.

32. Defendants aver that consumer reviews speak for themselves and otherwise deny the allegations of paragraph 32.

33. Defendants aver that any letters Midwest Tape's counsel sent speak for themselves and otherwise deny the allegations of paragraph 32.

34. Defendants deny the allegations in paragraph 34

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants reallege their responses to paragraphs 1-39.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants reallege their responses to paragraphs 1-44.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants reallege their responses to paragraphs 1-49.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants reallege their responses to paragraphs 1-60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants reallege their responses to paragraphs 1-63.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants reallege their responses to paragraphs 1-66.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State A Claim)

70. Plaintiff's allegations, with hazy references to overlapping services that do not overlap, fails to state a plausible claim for trademark infringement.

71. In the absence of a viable trademark infringement claim, all the other claims likewise fail.

### Second Affirmative Defense (Unclean Hands)

72. Plaintiff's allegations of confusion arise entirely from a desire to acquire a valuable domain name and to use this action as leverage in attempting to accomplish that acquisition.

### Third Affirmative Defense (Acquiescence and Estoppel)

73. Plaintiff has acquiesced in coexistence with a large number of HOOPLA trademarks that predated and came after Plaintiff's adoption of any HOOPLA mark and is

1    estopped from asserting infringement claims against Hoopla.com simply because it owns

2    a valuable domain name.

3                                    **Prayer for Relief**

4         74.    Defendants deny that Plaintiff is entitled to the relief sought in paragraphs

5    A-E of the prayer for relief or to any relief at all.

6         75.    Defendants request that judgment be entered in their favor on all claims and

7    that they be awarded their costs, attorneys' fees and any other relief as may be just and

8    proper.

9

10   Dated:  June 23, 2025                      Respectfully submitted,

11                                              VERSO LAW GROUP LLP

12

13                                             By: */s/*_____

14                                             Gregory S. Gilchrist
                                               Ryan Bricker
15                                             Sophy J. Tabandeh
                                               Paymaneh Parhami
16                                             Kourtney Speer

17
                                               Attorneys for Defendants
18                                             HOOPLA.COM INC. and DERON QUON

19

20

21

22

23

24

25

26

27

28