# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDWEST TAPE, LLC, an Ohio Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HOOPLA.COM, INC., a California Corporation; and DERON QUON, an individual,<br><br>Defendants. | Case No.    2:25-cv-03594-FLA-PD<br><br>STIPULATED PROTECTIVE ORDER<br><br>(PD Version)<br><br>☐ Check if submitted without material modifications to PD form |

1.    INTRODUCTION

1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1

### 1.2    GOOD CAUSE STATEMENT

2   This action is likely to involve trade secrets and valuable research,

3   development, commercial, financial, technical, and/or proprietary information for

4   which special protection from public disclosure and from use for any purpose other

5   than litigation of this action is warranted.  Such confidential and proprietary

6   materials and information consist of, among other things, confidential business and

7   financial information, information regarding confidential business practices, or other

8   confidential research, development, or commercial information (including

9   information implicating privacy rights of third parties), information otherwise

10  generally unavailable to the public, or which may be privileged or otherwise

11  protected from disclosure under state or federal statutes, court rules, case decisions,

12  or common law.  Accordingly, to expedite the flow of information, to facilitate the

13  prompt resolution of disputes over confidentiality of discovery materials, to

14  adequately protect information the parties are entitled to keep confidential, to ensure

15  that the parties are permitted reasonable necessary uses of such material in

16  preparation for and in the conduct of trial, to address their handling at the end of

17  litigation, and serve the ends of justice, a protective order for such information is

18  justified in this matter.  It is the intent of the parties that information will not be

19  designated as confidential for tactical reasons and that nothing be so designated

20  without a good faith belief that it has been maintained in a confidential, non-public

21  manner, and there is good cause why it should not be part of the pubic record of this

22  case.

23  ### 1.3    DETAILED SHOWING OF NEED STATEMENT

24  The Parties propose a two-tier protective order in this case, including both

25  "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY" designations, because the Parties are competitors in the mobile software

27  application marketplace and  offer their respective software applications through the

28

same channels of trade and commercial outlets,  and discovery will likely result in the production of highly-confidential, trade secret information by each Party.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: this pending federal law suit**.**

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  Extremely sensitive "Confidential Information and Items" which would create a substantial risk of serious harm if it were disclosed to another Party or Non-Party.

2.5    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3

2.9  House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12  Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

4

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

5

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this

Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for interrogatory answers and response to requests for admissions, in answering any interrogatory or request for admission, or any part, a Party may designate its answer as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions that are not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for testimony given in depositions, any Party or Non-Party giving deposition testimony may obtain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment by designating the testimony that is claimed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the course of that testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript with the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY." During the course of deposition testimony, if any Party or Non-Party reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, all persons must be excluded from the room in which the

1   deposition testimony is given, except those persons entitled to receive such
2   information pursuant to paragraphs 7.2 and 7.3. Unless previously designated as
3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
4   ONLY," all transcripts of deposition testimony, any related exhibits, and all
5   information adduced in deposition, shall be treated as "HIGHLY CONFIDENTIAL
6   – ATTORNEYS' EYES ONLY" in their entirety for a period of fourteen (14)
7   calendar days after receipt of the transcript by Counsel for the Designating Party.
8   Within that fourteen (14) calendar day period, the Designating Party may designate
9   information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL"
10  or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (whether or not
11  previously designated as such) by notifying all Parties in writing of the portions of
12  the transcript or exhibit which contain such information. Each Party shall attach a
13  copy of such written statement to the face page of the transcript or exhibit and to
14  each copy in their possession, custody or control. These portions of the transcript or
15  exhibits designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
16  ATTORNEYS'  EYES ONLY" shall be treated in accordance with the terms of this
17  Protective Order. In addition, the provisions of Paragraph 5.2(e) for later designating
18  transcripts or
19  exhibits shall apply after the expiration of the fourteen (14) calendar day period
20  described in this Paragraph 5.2(c).
21          (d)  for information produced in some form other than documentary and for
22  any other tangible items, that the Producing Party affix in a prominent place on the
23  exterior of the container or containers in which the information is stored the legend
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
25  ONLY." If only a portion or portions of the information warrants protection, the
26  Producing Party, to the extent practicable, will identify the protected portion(s).
27          (e) except as otherwise provided in this Protective Order, the Receiving Party
28

shall not reveal any information produced for a period of seven (7) calendar days following receipt.  Failure to designate a document, thing or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or Non-Party desiring to so designate the document, thing or information from so designating thereafter; provided that after discovering any omission of marking, the Party or Non-Party promptly and in good faith marks the document, thing or other information and makes a written request that each Receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall be fully subject to this Protective Order.  No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the time periods proscribed by this Protective Order, including the time periods provided in Paragraph 5.2(c).

       5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# <u>6</u>.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

       6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1     (a)  the Receiving Party's Outside Counsel of Record in this Action, as

2 well as employees of said Outside Counsel of Record to whom it is reasonably

3 necessary to disclose the information for this Action;

4     (b)  the officers, directors, and employees (including House Counsel) of

5 the Receiving Party to whom disclosure is reasonably necessary for this Action;

6     (c)  Experts (as defined in this Order) of the Receiving Party to whom

7 disclosure is reasonably necessary for this Action and who have signed the

8 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9     (d)  the Court and its personnel;

10     (e)  court reporters and their staff;

11     (f)  professional jury or trial consultants, mock jurors, and Professional

12 Vendors to whom disclosure is reasonably necessary for this Action and who have

13 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14     (g)  the author or recipient of a document containing the information or a

15 custodian or other person who otherwise possessed or knew the information;

16     (h)  during their depositions, witnesses, and attorneys for witnesses, in the

17 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

18 requests that the witness sign the form attached as Exhibit A hereto; and (2) they

19 will not be permitted to keep any confidential information unless they sign the

20 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

21 agreed by the Designating Party or ordered by the court.  Pages of transcribed

22 deposition testimony or exhibits to depositions that reveal Protected Material may

23 be separately bound by the court reporter and may not be disclosed to anyone except

24 as permitted under this Stipulated Protective Order; and

25     (i)  any mediator or settlement officer, and their supporting personnel,

26 mutually agreed upon by any of the parties engaged in settlement discussions.

27

28

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's  Outside Counsel of Record and their employees to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in the Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) the Court, jury, and court personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, the Designating Party; and

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

1    (a)  promptly notify in writing the Designating Party. Such notification

2  will include a copy of the subpoena or court order;

3    (b)  promptly notify in writing the party who caused the subpoena or order

4  to issue in the other litigation that some or all of the material covered by the

5  subpoena or order is subject to this Protective Order.  Such notification will include

6  a copy of this Stipulated Protective Order; and

7    (c)  cooperate with respect to all reasonable procedures sought to be

8  pursued by the Designating Party whose Protected Material may be affected.

9    If the Designating Party timely seeks a protective order, the Party served with

10  the subpoena or court order will not produce any information designated in this

11  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY" before a determination by the court from which the subpoena or

13  order issued, unless the Party has obtained the Designating Party's permission.  The

14  Designating Party will bear the burden and expense of seeking protection in that

15  court of its confidential material and nothing in these provisions should be construed

16  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

17  directive from another court.

18

19  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

20  PRODUCED IN THIS LITIGATION

21    (a)  The terms of this Order are applicable to information produced by a

22  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by

24  Non-Parties in connection with this litigation is protected by the remedies and relief

25  provided by this Order.  Nothing in these provisions should be construed as

26  prohibiting a Non-Party from seeking additional protections.

27

28

13

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

14

Case 2:25-cv-03594-FLA-PD    Document 32    Filed 09/12/25    Page 15 of 18    Page ID
#:190

1  persons to whom unauthorized disclosures were made of all the terms of this Order,

2  and (d) request such person or persons to execute the "Acknowledgment and

3  Agreement to Be Bound" that is attached hereto as Exhibit A.

4

5  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

6  PROTECTED MATERIAL

7       When a Producing Party gives notice to Receiving Parties that certain

8  inadvertently produced material is subject to a claim of privilege or other protection,

9  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

10 Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

11 procedure may be established in an e-discovery order that provides for production

12 without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

13 (e), insofar as the parties reach an agreement on the effect of disclosure of a

14 communication or information covered by the attorney-client privilege or work

15 product protection, the parties may incorporate their agreement in the stipulated

16 protective order submitted to the court.

17

18 12.    MISCELLANEOUS

19      12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

20 person to seek its modification by the Court in the future.

21      12.2    Right to Assert Other Objections.  By stipulating to the entry of this

22 Protective Order no Party waives any right it otherwise would have to object to

23 disclosing or producing any information or item on any ground not addressed in this

24 Stipulated Protective Order. Similarly, no Party waives any right to object on any

25 ground to use in evidence of any of the material covered by this Protective Order.

26      12.3    Filing Protected Material.  A Party that seeks to file under seal any

27 Protected Material must comply with Civil Local Rule 79-5. Protected Material may

28

only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  September 11, 2025        /s/ Justin Thiele
                                  HANSON BRIDGETT LLP
                                  Attorney for Plaintiff Midwest Tape, LLC


DATED:  September 11, 2025        /s/ Gregory S. Gilchrist
                                  VERSO LAW GROUP LLP
                                  Attorney for Defendants Hoopla.com, Inc., and Deron Quon




FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  09/12/2025                _____
                                  HON. PATRICIA DONAHUE
                                  United States Magistrate Judge

17

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Midwest Tape, LLC v. Hoopla.com, Inc. and Deron Quon*, 2:25-cv-03594-FLA-PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

18